**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERIKA JOAN RYAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cv-31-DES** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Erika Joan Ryan ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

## I. Statutory Framework and Standard of Review

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s)

must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. § 404.1520(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084. If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to

determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

## II. Claimant's Background and Procedural History

On August 23, 2019, Claimant protectively applied for disability insurance benefits under Title II of the Act. (R. 13, 155-61). Claimant alleges she has been unable to work since May 10, 2017, due to chronic pain stemming from a low back injury. (R. 155, 183). Claimant was 45 years old on the date of the ALJ's decision. (R. 23, 155). She has a high school equivalent education and past work as nurse assistant. (R. 53-54, 184).

Claimant's claim for benefits was denied initially and on reconsideration, and she requested a hearing. (R. 63-80, 100-01). ALJ Elisabeth McGee conducted an administrative hearing and issued a decision on August 5, 2021, finding Claimant not disabled. (R. 23, 29-60). The Appeals Council denied review on December 13, 2021 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. § 404.981. Claimant filed this appeal on January 28, 2022. (Docket No. 2).

**III. The ALJ's Decision**

In her decision, the ALJ found Claimant last met the insured requirements for Title II purposes on December 31, 2017. (R. 15). The ALJ then found at step one that Claimant had not engaged in substantial gainful activity between the alleged onset date of May 10, 2017, and her date last insured. (R. 16). At step two, the ALJ found Claimant had the severe impairments of neuropathy, mild left carpal tunnel syndrome, right ulnar sensory changes in the wrist, migraines, and early facet arthropathy of the lumbar spine. (R. 16). Additionally, the ALJ found Claimant had the non-severe impairments of mild disc bulge of the cervical spine, mild gastritis, gastroesophageal reflux disease ("GERD"), anxiety, and depression. (R. 16). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 17-18).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC, through her date last insured, to perform a limited range of light work as defined in

20 C.F.R. § 404.1567(b), finding she could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour work day with normal breaks; sit six hours in an eight-hour work day with normal breaks; push and pull similar to what she could could lift and carry; and frequently handle and finger bilaterally. (R. 18). The ALJ provided a summary of the evidence that went into this finding. (R. 18-21).

At step four, the ALJ concluded Claimant could not return to her past relevant work. (R. 21). Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Claimant could perform other work existing in significant numbers in the national economy, including cashier II, small product assembler I, and self-service sales attendant. (R. 21-22). Accordingly, the ALJ concluded Claimant was not disabled through her date last insured of December 31, 2017. (R. 22-23).

## IV. Issues Presented

Claimant contends that the ALJ erred by: (i) failing to find her mental impairments severe at step two (Docket No. 14 at 10), (ii) failing to consider all the medical source opinion and objective evidence when assessing the RFC (*id.* at 11-12), (iii) failing to consider and account for all her impairments and limitations in the RFC (*id.* at 12-14), (iv) failing to explain how the evidence supports the manipulative limitations in the RFC (*id.* at 14), (v) failing to properly evaluate and

account for her subjective symptoms (*id*. at 14-15), and (vi) failing to present a hypothetical question to the VE that included all her limitations (*id*. at 15-16). The Court agrees the ALJ failed to consider certain aspects of Dr. Keith Holder's medical source opinion.

**V. Analysis**

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. § 404.1520c. A "medical opinion" is a statement from a medical source about what a claimant "can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions" in four work-related abilities. 20 C.F.R. § 404.1513(a)(2). These abilities include the "ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling . . . ." 20 C.F.R. § 404.1513(a)(2)(i). If the record contains a medical opinion, the ALJ must consider and address it in the RFC assessment, and, if the RFC conflicts with the opinion, the ALJ "must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ does not "defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ evaluates the "persuasiveness" of medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including length, purpose, and extent of treatment relationship, frequency of

examinations, and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict the opinion or finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the most important factors, and the ALJ must always explain how she considered those factors in the decision.[1] 20 C.F.R. 404.1520c(b)(2). The ALJ is not required to articulate findings on the remaining factors unless there are two or more medical opinions about the same issue that are equally well-supported and consistent with the record, but not identical. 20 C.F.R. 404.1520c(b)(2), (3).

The medical record reveals that Claimant presented to Dr. Holder on March 24, 2009, and reported low back pain, right hip pain, and bilateral leg pain that began after she lifted two patients at work earlier that day. (R. 485). Dr. Holder diagnosed Claimant with a lumbar strain and prescribed medications. Thereafter, Dr. Holder continued treating Claimant's lumbar strain through December 31, 2009, when he indicated she reached maximum improvement with 0% impairment. (R. 487-508). That same day, Dr. Holder opined that Claimant could return to work with the following restrictions: no lifting over 35 pounds floor to waist, over 20 pounds waist to shoulder, and over 10 pounds above head; no pushing/pulling over 70 pounds;

[1] Supportability refers to the relevancy of "the objective medical evidence and supporting explanations presented by a medical source" to support his medical opinion. 20 C.F.R. § 404.1520c(c)(1). Consistency refers to the consistency of a medical source opinion "with the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 404.1520c(c)(2).

alternate sitting, standing, and walking as tolerated; and limit bending, stooping, and twisting. (R. 506).[2] Importantly, Dr. Holder noted these restrictions "should be considered permanent." (R. 506).

In her written opinion, the ALJ summarized Dr. Holder's opinion from the December 2009 typed treatment note. In discussing the supportability and consistency of Dr. Holder's typed opinion, the ALJ found such opinion was supported by his own medical examinations at the time of his assessment but was not entirely consistent with the evidence after his assessment, which showed degenerative changes in Claimant's lumbar spine. (R. 20). The ALJ did not analyze or otherwise discuss the opinions Dr. Holder set forth in his handwritten December 31, 2009, treatment note.

Claimant contends the ALJ assessed an RFC that is inconsistent with Dr. Holder's handwritten opinion, and the Court agrees. As set forth above, Dr. Holder limited Plaintiff to alternate sitting, standing, and walking "as tolerated" in his December 2009 handwritten treatment note. Although the ALJ did limit Claimant to light work with standing and/or walking and sitting for six hours in an eight-hour workday with normal breaks in the RFC assessment, he did not include any limitations for alternating between these activities in either the RFC or the

[2] The record contains a handwritten treatment note dated December 31, 2009, as well as a typed treatment note dated December 31, 2009, both of which Dr. Holder signed. Dr. Holder identifies more permanent restrictions in the handwritten note than he does in the typed note. *Compare* R. 506 with R. 508.

hypothetical questions presented to the VE. Nor did he explain why such restriction was not adopted. The ALJ's failure to either provide reasons supported by substantial evidence for rejecting Dr. Holder's alternating limitation, or to properly incorporate it into the assessed RFC, constitutes error. *See Haga v. Astrue,* 482 F. 3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *see also Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) (stating that the ALJ "must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as the significantly probative evidence [s]he rejects").

Moreover, the ALJ's omission of the alternate sitting/standing/walking limitation is significant for purposes of the analysis at step five. At the administrative hearing, the ALJ posed a hypothetical question to the VE matching the RFC assessment set forth above, and the VE testified that a hypothetical person with Claimant's age, education, and work history could perform the representative jobs of cashier II, small product assembler I, and sales attendant at a self-service store. (R. 54-55). When Claimant's counsel asked the VE whether any of the jobs identified permitted an individual to alternate sitting, standing, and walking "at will," the VE responded "No, sir." (R. 58). Thus, an individual with an at-will sit/stand limitation could not perform the three representative jobs that the ALJ identified as

jobs Claimant could perform. Because the ALJ's RFC assessment was not based on substantial evidence, her hypothetical question to the VE was flawed.

## VI. Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 28th day of June 2023.

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE